HANE v. CROWN & KEYSTONE CO., Incorporated, et al.

(District Court, N. D. New York. May 18, 1915.)

1. BANKRUPTCY ☞279 — FRAUDULENT CONVEYANCES — PREFERENCES — RECOVERY OF PROPERTY.

As alleged in the complaint in an action by a trustee in bankruptcy, the bankrupt, with intent to hinder, defraud, and delay his creditors, while insolvent, and within four months before the adjudication, transferred property, without consideration, to a corporation organized by him, and subsequently he and the corporation executed a chattel mortgage to a mortgagee as trustee, both the trustee and the beneficiary knowing that the bankrupt and the corporation were insolvent. Under a judgment against the corporation, the sheriff levied on all property in the corporation's possession, irrespective of whether it was acquired before or after the incorporation of the company, or before or after the adjudication in bankruptcy, and the trustee procured an injunction pendente lite preventing a sale thereof. *Held* that, if the facts alleged by the trustee were

---

true, the trustee could recover the property transferred to the corporation, and could set aside the mortgage and hold the property, or recover it if taken under the mortgage.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 419-424; Dec. Dig. ⊕279.]

2. BANKRUPTCY ⊕279 — FRAUDULENT CONVEYANCES — PREFERENCES — RECOVERY OF PROPERTY.

If property acquired by the corporation after the transfer was purchased with the proceeds of property so transferred, it could also be recovered.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 419-424; Dec. Dig. ⊕279.]

3. BANKRUPTCY ⊕301—FRAUDULENT CONVEYANCES—INJUNCTION—BILL OF PARTICULARS.

To enable the court to pass upon a motion to vacate the injunction, the trustee would be required to furnish a bill of particulars separating as far as possible the property transferred to the corporation by the bankrupt from that subsequently purchased by it.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 464; Dec. Dig. ⊕301.]

4. BANKRUPTCY ⊕301—FRAUDULENT CONVEYANCES—INJUNCTION—VACATING.

The sheriff and the judgment creditor, on a motion to vacate such injunction, should present to the court facts enabling it to determine what property was transferred by the bankrupt to the corporation and what was after-acquired property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 464; Dec. Dig. ⊕301.]

5. BANKRUPTCY ⊕302—FRAUDULENT CONVEYANCES—COMPLAINT.

If the trustee claimed any of the property acquired by the corporation after the transfer as the proceeds of property fraudulently transferred, the complaint should be amended to show that fact.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 456, 457; Dec. Dig. ⊕302.]

In Equity. Suit by Charles B. Hane, as trustee in bankruptcy of Charles R. Hertzberg, a bankrupt, against the Crown & Keystone Company and others. On motion to vacate an injunction pendente lite and for a bill of particulars, etc. Bill of particulars ordered, and motion to vacate injunction denied.

°Wm. J. Gardinier, of Herkimer, N. Y., for complainant.
Fred D. McIntosh, of Little Falls, N. Y., for defendant Stitt.

RAY, District Judge. For several years prior to September 4, 1913, the bankrupt, Charles R. Hertzberg, had been engaged in the wholesale and retail liquor business at Little Falls, N. Y., under the name and style of Crown & Keystone Distributing Company. On that date, or at about that date, and at a time when the said Charles R. Hertzberg was owing more than $50,000, and was apparently insolvent, an alleged corporation was formed under the laws of the state of New York and under the name of Crown & Keystone Company, Incorporated. The capital stock was fixed at $10,000, consisting of 100 shares, of the par value of $100 each, and of which 80 shares were forthwith issued to the said Hertzberg, and one share each to two other persons. The other shares were not issued, and none of the shares were paid for. These three persons, holding the stock as stated, elected Hertzberg presi-

---

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

dent and treasurer of this new corporation, as well as the active manager of the business, and the business was conducted as theretofore with this change of name. Hertzberg made a bill of sale to this Crown & Keystone Company, Incorporated, of which he was president and treasurer and manager, which bore date September 5, 1913, but the bill of complaint alleges that there was no consideration for such transfer, and that this company was formed and this transfer made with intent thereby to hinder, delay, and defraud the creditors of Hertzberg, and at a time when he was insolvent, and such insolvency was known to the incorporators of this new company.

About September 30, 1913, Hertzberg individually, and this new company, by Hertzberg as its president, gave a chattel mortgage to George W. Norris, as trustee for some undisclosed party, which covered the fixtures, furniture, and tools pertaining to the business, and which had been owned by Hertzberg. The bill of complaint alleges that there was no sufficient or valid consideration for the chattel mortgage, and that this was given when Hertzberg and the Crown & Keystone Company, Incorporated, were insolvent, which fact was well known to the mortgagee and the beneficiary or beneficiaries thereunder, and that the same was null and void, and was done to give an illegal preference, etc.

Within four months after these transfers, and on the 23d day of December, 1913, Hertzberg was duly adjudicated a bankrupt, and the object of the bill of complaint is to set aside these transfers, including the chattel mortgage, and have the property transferred to this Crown & Keystone Company, Incorporated, declared void, and the property declared the property of the bankrupt, with title in the trustee in bankruptcy. The bill of complaint further charges that on the 13th day of October, 1914, and 10 months, about, after Hertzberg was adjudicated a bankrupt, the defendant Cook & Bernheimer Company obtained a judgment in the Supreme Court of the state of New York against the Crown & Keystone Company, Incorporated, and issued an execution thereon, and delivered same to the sheriff, Stitt, who proceeded to levy upon all the stock of goods and merchandise in the place of business of said Crown & Keystone Company, Incorporated, irrespective of whether such property was acquired before or after such alleged incorporation of the Crown & Keystone Company, Incorporated, or whether acquired before or after adjudication in bankruptcy of the said Hertzberg, and that commingled with the property so levied upon was property belonging to the estate in bankruptcy of said Hertzberg. This allegation, of course, is intended to include the property claimed to have been mortgaged as a preference and illegally and in fraud of creditors transferred to the new company.

[1] I have not mentioned in detail the allegations of the complaint, but have stated same in a general way. There is no allegation in the complaint that the Crown & Keystone Company, Incorporated, was a fraud or a sham company, and that it was actually run and owned by Hertzberg as a continuation of his business, and as to property purchased by Hertzberg or the Crown & Keystone Company, Incorporated, after the bankruptcy, same would be after-acquired property,

and belong to Hertzberg, even if such fact existed. Under the allegations of the complaint, the plaintiff can recover, if the facts alleged be true, the property transferred to the Crown & Keystone Company, Incorporated, and can set aside the mortgage and hold the property, or recover it if taken under the mortgage.

[2-5] Inasmuch as the sheriff, under the execution referred to issued in favor of Cook & Bernheimer Company, has levied upon all of the property, the injunction was properly granted; but there should be a separation, if possible, of the property now in the possession of the Crown & Keystone Company, Incorporated, transferred to it by Hertzberg, from that purchased thereafter, if any there be, by the Crown & Keystone Company, Incorporated. When such separation is made, this court will be able to intelligently vacate the injunction as to property actually owned by the Crown & Keystone Company, Incorporated, and in which the bankrupt estate has no interest. If such after-acquired property has been purchased with and is the proceeds of the property transferred by Hertzberg in fraud of creditors to the Crown & Keystone Company, Incorporated, then, of course, such goods could be followed. However, at this time the injunction should not be vacated as to any of the property, and there should be a separation by the bill of particulars, so far as the trustee in bankruptcy is able to make same, and the defendant Cook & Bernheimer Company and the sheriff should present to the court some fact or facts which would enable it to determine what property was transferred by Hertzberg to this new corporation and what is after-acquired property, if any. If the complainant claims any of this after-acquired property as the proceeds of property fraudulently transferred by Hertzberg to such new company, the complaint should be amended so as to show that fact.

This matter has now been running with motions and counter motions for nearly a year, and it is time that a definite bill of complaint was made, and the matter brought before the court for determination. In view of all the facts and circumstances which have been disclosed on these motions, and in view of the conditions and conflicts as to the facts, it would be wise for the parties to frame their pleadings and go to trial, either before the court itself or a referee, and have the facts determined and some proper adjudication made. This is a suggestion. All the court can now do is to provide for a bill of particulars, which will enable the court so far as possible to release property, if any there be, not properly embraced within the terms of the injunction.

An order will be made requiring a bill of particulars. The complainant may also amend, if advised that such amendment is necessary or proper.